IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J.M. b/n/f J.M. & S.M., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 5:24-cv-347 |
| COMAL INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant*. | § | |

## DEFENDANT COMAL INDEPENDENT SCHOOL DISTRICT'S
## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Comal Independent School District ("CISD," "Comal ISD" or "the District") files its Notice of Removal of this action from the 433rd Judicial District Court, Comal County, Texas, Cause No. C2024-0370D, styled *J.M. b/n/f J.M. & S.M. v. Comal Independent School District*, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this Notice, Comal ISD states as follows:

### I.
### FILINGS IN THE STATE COURT

In accordance with 28 U.S.C. § 1446(a), all state court filings to date have been indexed and attached hereto as **Exhibit A**.

### II.
### FACTUAL AND PROCEDURAL BACKGROUND

1. J.M. is currently a second-grade student who resides within the jurisdictional boundaries of CISD and is zoned for Kinder Ranch Elementary School. J.M.'s parents, currently

identified only as J.M. and S.M. ("Parents"), brought this suit as next friend of J.M.

2.     J.M. is a student with disabilities and is eligible to receive special education services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").

3.     On April 27, 2022, Plaintiff filed a request for a Due Process Hearing with the Texas Education Agency ("TEA") in accordance with the procedural rights outlined in the IDEA. Plaintiff alleged CISD had committed various substantive and procedural violations of the IDEA. ("Due Process #1") *See* **Exhibit A-2**, ¶7.

4.     On July 18, 2022, the parties entered into a Compromise, Settlement and Release Agreement ("2022 Settlement Agreement"), which settled Due Process #1 and led to dismissal. *See* **Exhibit A-2**, Exhibit 1 to Petition.

5.     Shortly thereafter, on October 21, 2022, Plaintiff filed a second request for a Due Process Hearing with the TEA styled *J.M. b/n/f J.M. and S.M. v. Comal ISD*, TEA Dkt No. 051-SE-1022; SOAH Dkt. No. 701-23-03745, again alleging CISD had committed various procedural and substantive violations of the IDEA ("Due Process #2"). *See* **Exhibit B**.

6.     Plaintiff's allegations in Due Process #2 included claims that the CISD refused to provide J.M. a Free Appropriate Public Education ("FAPE") under the IDEA; refused to provide J.M. homebound services; failed to provide J.M. direct instruction; failed to implement J.M.'s Tobii Dynavox augmentative and alternative communication device; failed to provide materials for the accommodations; failed to report accurate data; and failed to train teachers and related service personnel. *See* **Exhibit B**.

7.     After an evidentiary administrative hearing on August 29-31, 2023, the Independent Hearing Officer ("IHO") appointed by TEA issued an original decision and an amended decision on October 26, 2023, finding that CISD provided J.M. with a FAPE and program

reasonably calculated to enable J.M. to make progress, denying Plaintiff's requested relief, and granting CISD's counterclaim to override the parents' refusal to consent to evaluation. *See* **Exhibit C**.

8. On December 21, 2023, Plaintiff filed an appeal of the IHO's Order in federal district court alleging the IHO improperly found CISD provided J.M. a FAPE under the IDEA. Plaintiff's suit also includes allegations of intentional discrimination under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. This suit is currently pending in the United States District Court for the Western District of Texas, San Antonio Division with the Honorable Judge Xavier Rodriguez, Cause No. 5:23-cv-01547-XR (the "Federal Court Lawsuit"). *See* Document No. 2 in Case 5:23-cv-01547-XR.[1]

9. On February 29, 2024, Plaintiff commenced this action against CISD in state court by filing an Original Petition (the "State Court Petition") in the 433rd District Court of Comal County, Texas (the "State Court Lawsuit"). *See* **Exhibit A-2**.

10. CISD accepted service of the State Court Petition on March 6, 2024, via receipt through certified mail. *See* **Exhibits A-1, A-5**.

11. CISD filed its Original Answer in the State Court Lawsuit on April 1, 2024. *See* **Exhibit A-6**.

12. In the State Court Petition, Plaintiff asserts a single cause of action for breach of contract based on alleged violations of the 2022 Settlement Agreement between the parties. *See* **Exhibit A-2**, ¶¶11-12. Plaintiff claims CISD breached the 2022 Settlement Agreement by failing to implement an Accessible Literacy Learning ("ALL") program for reading instruction; refusing

---

[1] CISD has not included a copy of the Complaint from the Federal Court Lawsuit because the case is currently sealed. Presumably, the Court can access the Complaint as appropriate; however, should the Court determine it appropriate and/or necessary, CISD will seek leave to file a copy of the sealed Complaint under seal in this matter.

to leave the Tobii Dynavox device in the home and then subsequently stopping direct educational services; and violating the confidentiality and disparagement clause. *See id*. Most of the facts that form the basis of the State Court Lawsuit occurred during the timeframe that is subject to the decision in Due Process #2 and on appeal in the Federal Court Lawsuit.

13. CISD timely files this Notice of Removal within thirty (30) days of its receipt of the State Court Petition as required by 28 U.S.C. § 1446(b).

## III.
## BASIS FOR REMOVAL

*A.   This case involves a federal question, thus conferring original jurisdiction in federal court.*

A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of a case from state court to federal court is appropriate when a plaintiff's complaint makes a claim "arising under" federal law. 28 U.S.C. § 1441. In determining whether federal-question jurisdiction is present, the Supreme Court follows the "well-pleaded complaint rule," which looks to whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists in cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In making determinations under the well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 22.

The IDEA is a federal law requiring public schools to provide a FAPE to eligible students with disabilities and ensures provision of special education and related services to enable children

to make appropriate educational progress in light of their unique circumstances. *See* 20 U.S.C. § 1400. The IDEA provides numerous legal protections and procedural rights to parents and eligible students. *See* 20 U.S.C. § 1400 *et seq*. While Plaintiff purports to assert a breach of contract claim in his State Court Petition, the true nature of the State Court Petition is that CISD allegedly failed to provide J.M. with a FAPE and violated numerous other procedural or substantive rights found in the IDEA. *See* Exhibit A-2. The contract, and alleged breach of contract claims, all center on the provision of an appropriate education under the IDEA, including fostering collaboration between the school and parents for the development of educational programming. *See, e.g.*, 34 C.F.R. § 300.501(b). Although Plaintiff does not specifically mention the IDEA, a close examination of the State Court Petition reveals that the substance of Plaintiff's claims is federal in character and, therefore, is a civil action arising under the laws of the United States. *See, e.g.*, *Flowerette v. Heartland Healthcare Center*, 903 F. Supp. 1042, 1043 (N.D. Tex. 1995) (finding that, despite the face of the complaint asserting a violation of state law, "a close examination of the petition reveals that the substance of Plaintiff's claims are federal in character").

Plaintiff's State Court Petition states, "Defendant school district is the school district in which Plaintiff resides is responsible for providing J.M. as a disabled student the opportunity for a Free Appropriate Public Education (FAPE) under the terms and provisions of the Individuals with Disabilities Education Act (IDEA) and for implementing the student's individualized education plan (IEP)." Exhibit A-2, ¶6. Plaintiff's basis for the alleged breach of the Settlement Agreement related to the Tobii Dynavox is that CISD stopped providing direct educational services to J.M. and removed the device – all directly related to and presented as evidence during the Due Process #2. *See id.*, ¶12(b). Plaintiff's basis for the alleged breach of the confidentiality and disparagement clauses in the Settlement Agreement hinge on claims such as, "The school district

routinely calls into question J.M.'s doctor's credentials and J.M.'s medical diagnoses"; "The school district made false allegations stating they know J.M.'s home is unsafe, not conducive for learning and not a structured environment"; "The school district refused to provide J.M. with instructional work and materials"; "The school district sent materials to J.M. for instructional use that were choking hazards. This information was documented in his IEP that he was not supposed to have in his possession"; and "The school district refused to schedule and let parents participate in J.M.'s annual ARD meeting". *See id.* ¶12(c). All these allegations center on, and relate to, the required consultation and collaboration with parents or the development and provision of an appropriate education to their child under the IDEA. Plaintiff goes on to explicitly state that the school district "terminated J.M.'s educational services and denied him FAPE" and that "J.M. suffered severe regression in his education." *See id.* ¶12(c)(xvii)-(xviii). Plaintiff's allegations are undeniably claims that CISD has failed to uphold its legal obligations under the IDEA and in doing so has denied J.M. a FAPE resulting in an impact on J.M.'s education and progress. These are quintessential IDEA claims.

Plaintiff's blatant attempt to mask an IDEA claim behind the label of a breach of contract is even more readily apparent when you compare the allegations in the State Court Petition with those that formed the basis of Plaintiff's alleged violations of the IDEA raised in Due Process #2 that are now the subject of appeal in the Federal Court Lawsuit. Plaintiff's allegations in Due Process #2 included the same claims that CISD improperly terminated J.M.'s educational services, failed to provide J.M. instruction, failed to implement J.M.'s Tobii Dynavox augmentative and alternative communication device, and failed to provide appropriate materials for the accommodations. *See* **Exhibit B**; *see also* Document No. 2, ¶4.10 in Case 5:23-cv-01547-XR

(describing the essence of the Petitioner's due process complaint and issues which include the same and/or similar issues raised in the State Court Petition).

This case is similar to *Shea v. Union Free School District of Massapequa*, where a student's parents brought a state-court action alleging tort claims against the school district for failing to properly facilitate her classification under the IDEA. *See Shea v. Union Free Sch. Dist. of Massapequa*, 682 F. Supp. 2d 239 (E.D.N.Y. 2010). The school district was permitted to remove the state-court action to federal court because the parents' claims arose out of federal laws including the IDEA. *Id.* at 242. According to the Court, "the plaintiffs' general allegation that the defendants prevented [the student] from proper classification under the IDEA gives rise to questions related the the IDEA's federal guarantee of rights. This is a federal question over which the Court has subject matter jurisdiction." *Id.*

Even if Plaintiff could simultaneously pursue his claim as a breach of contract, removal would still be appropriate because resolution of the claim would turn on an interpretation of the CISD's obligations under the IDEA to provide educational supports and services and collaborate with the parents. For example, in *Untermyer v. College of Lake County*, a student brought a breach of contract claim against his college for allegedly failing to accommodate his disability based on a contract allegedly created from the college's course catalog. *Untermyer v. Coll. of Lake County*, 284 F. App'x 328, 329 (7th Cir. 2008). The Seventh Circuit affirmed the district court's determination that the basis of the claim was in Section 504 of the Rehabilitation Act and the Americans with Disabilities Act because the course catalog merely stated that the college complies with those Acts in providing services to students with disabilities. *Id.* The Seventh Circuit concluded, however, that even a contractual claim based on the language of the course catalog

referencing the Rehabilitation Act and the ADA would "still arise under federal law" and was properly removed. *See id.* at 330–31.

Like in *Shea*, Plaintiff's allegations in his State Court Petition give rise to questions related to the IDEA's federal guarantee of rights and thus involve a federal question over which a federal district court has subject matter jurisdiction. And, like in *Untermyer*, even if a contractual claim could survive it would still arise under federal law because resolution necessarily turns on the interpretation of obligations under the IDEA. Plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law" and, therefore, removal is appropriate. *See Franchise Tax Bd.*, 463 U.S. at 27–28.

### B. The Court may also exercise supplemental jurisdiction over Plaintiff's state law breach of contract claim.

Even if the Court disagrees that this case presents a federal question and believes Plaintiff has properly pleaded a breach of contract claim that is separate and apart from an IDEA claim, the Court's exercise of supplemental jurisdiction over Plaintiff's breach of contract claim is appropriate. Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A federal court may decline to exercise supplemental jurisdiction over a related state law claim only if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.*

Plaintiff's State Court Petition separately and independently alleges facts that could give rise to an alternative claim for violations of the IDEA independent of the claim for a breach of the

Settlement Agreement. As outlined in detail above, a review of Plaintiff's State Court Petition makes it clear Plaintiff's true intent is to pursue relief for an IDEA violation. Plaintiff alleges CISD had a legal duty to provide J.M. with a FAPE and to implement his IEP. *See* Exhibit A-2, ¶6. And Petitioner alleges CISD failed to do so in various ways, which can be construed as stating a claim under the IDEA. *See id.*, ¶¶12(b)-(c); *see, e.g.*, *Miksis v. Evanston Twp. High Sch. Dist. # 202*, 235 F. Supp. 3d 960, 984 (N.D. Ill. 2017), as amended (Feb. 2, 2017) (exercising supplemental jurisdiction over breach of settlement agreement claim because allegations could be construed as also stating a claim under the IDEA); *Sch. Bd. of Lee Cnty., Fla. v. M.M. ex. rel M.M.*, 348 Fed. Appx. 504, 511 (11th Cir. 2009) (allegation that a school board had breached the provisions of a settlement agreement that had resulted from an IDEA due process hearing was "also primarily a challenge relating to the provision of a FAPE").

Moreover, Plaintiff's claims in his State Court Lawsuit are so related and identical to the claims raised in Plaintiff's already-pending Federal Court Lawsuit that they form part of the same case or controversy. A simple comparison of the IHO's administrative decision in Due Process #2 (Exhibit C) and Plaintiff's complaint in the Federal Court Lawsuit (Document No. 2 in Case 5:23-cv-01547-XR) with the State Court Petition (Exhibit A-2) readily demonstrates that both cases are based on the same nucleus of facts. Since the federal court is the only court with jurisdiction to hear the Federal Court Lawsuit, and both lawsuits involve the interpretation of complex federal legal issues, exercising supplemental jurisdiction over the State Court Lawsuit promotes judicial economy, and it ensures the parties do not end up with contradictory findings involving the same set of facts. Plaintiff's breach of contract claim is not a novel or complex issue of state law, nor does it substantially predominate over the claims in which the district court has original jurisdiction. Consequently, supplemental jurisdiction exists, and removal is appropriate. *See, e.g.*,

*Smith v. James C. Hormel Sch. of Virginia Inst. of Autism*, No. CIV. A. 3:08CV00030, 2009 WL 1081079, at *12 (W.D. Va. Apr. 22, 2009) (finding, in the interest of convenience and judicial economy the court would exercise supplemental jurisdiction over Plaintiff's breach of contract claim against school because it arose out of the same facts and circumstances as the IDEA claims over which the court had original jurisdiction).

## IV.
## STATE COURT FILINGS

15. In accordance with 28 U.S.C. § 1446(a), copies of the following items are attached to this Notice of Removal:

> A. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (*See* **Exhibit A**);
>
> B. A copy of the docket sheet in the state court action (*See* **Exhibit A-1**); and
>
> C. A copy of all process, pleadings, and orders served upon defendant (*See* **Exhibits A-2 – A-6**).

## V.
## CONCLUSION

Because the Petition purports to allege a violation of federal law or alleges a claim that forms part of the same case or controversy as the matter currently pending in federal court, Defendant CISD removes this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. Alternatively, Defendant CISD proposes the court exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. CISD respectfully requests this Court accept removal of this lawsuit. CISD also respectfully requests the case be assigned to the Honorable Judge Xavier Rodriguez who is assigned to hearing the currently-pending Federal Court Lawsuit.

Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of the District's rights to assert any defenses to Plaintiff's causes of action or grounds for removal. If any question arises as to the propriety of the removal of this action, the District requests the

opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

        Respectfully submitted,

        **THOMPSON & HORTON LLP**

        */s/ Amber King*

        Amber K. King
        State Bar Card No.: 24047244
        aking@thompsonhorton.com

        Andrew Tatgenhorst
        State Bard Card No.: 24094975

        atatgenhorst@thompsonhorton.com

        8300 N. MoPac Expressway, Suite 220
        Austin, Texas 78759
        T: (512) 580-5725
        F: (713) 583-8884

        **ATTORNEYS FOR DEFENDANT**
        **COMAL INDEPENDENT SCHOOL**
        **DISTRICT**

## CERTIFICATE OF SERVICE

On April 5, 2024, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Amber King*
Amber King