IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J.M. b/n/f J.M. & S.M., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-5:24-CA-00347-XR |
| COMAL INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant*. | § | |

## JOINT FEDERAL RULE CIVIL PROCEDURE 26 REPORT

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

Defendants removed this case from state court to federal court pursuant to 28 U.S.C. §§1441 and 1446 on April 5, 2024. Defendant asserts the court has jurisdiction on the basis of federal question and/or supplemental jurisdiction in accordance with 28 U.S.C. §§1331 and 1367. Plaintiff's deadline to file a motion to remand was May 6, 2024. Plaintiff did not file a motion to remand.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff alleges a breach of contract claim based Defendant's alleged failures to comply with a settlement agreement entered by the parties on July 18, 2022. The elements of a breach of contract include (1) a valid contract; (2) the plaintiff performed or tendered performance; (2) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018)

Defendant's defenses include a failure to plead facts demonstrating a waiver of governmental immunity depriving the court of subject matter jurisdiction; doctrine of unclean hands; doctrine of impossibility; doctrine of equitable estoppel; doctrine of wavier; failure to satisfy conditions precedent; claims preclusion or *res judicata*; claims for a breach of contract damages fail as a matter of law because there is no "balance due and owed" under Texas Government Code

§271.153(a)(1); damages for punitive and/or exemplary damages fail as a matter of law pursuant to Texas Government Code §271.153(b); and failure to mitigate damages.

Defendant also asserts that consolidation of this case with *J.M. b/n/f J.M. & S.M. v. Comal Independent School District*, 5:23-cv-01547-XR, which is also pending in this Court is necessary and appropriate. Defendant intends to file a motion to consolidate.

Plaintiff accepts the removal of the case to Federal Court but strongly disagrees with the consolidation of this case with the Plaintiff's appeal of a different due process hearing. Different due process hearings are involved with totally different fact situations. Consolidation would require re-opening of the 26 reports for the special education appeal as the Plaintiff would need to add evidence and this case cannot be resolved by summary judgment but needs to go to trial.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties stipulate that they entered a Compromise, Settlement and Release Agreement on July 18, 2022.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

Plaintiff" s position is that the facts for the breach of contract are only partially based on a due process special education administrative hearing record which is not part of the record and is substantially different than the facts and issues contained in the administrative record of a different due process hearing that is the basis of the appeal case. The breach of contract case was settled and never went to a hearing and thus the administrative record is not complete and the issues and facts are totally different than the appeal case. Plaintiff also disputes that the foundation for damages in the breach case are the same as for the hearing appeal case and requires totally separate evidence and facts based upon the breaches of the settlement rather than the facts pertaining to the question of the underlying FAPE issues in the administrative hearing cases. Thus plaintiff believes consolidation is not necessary nor is it appropriate.

Defendant's position is that most of facts raised in this case as the alleged basis for a breach of contract are facts that have already been established through the administrative due process procedures which included discovery, a hearing, and the creation of a robust administrative record, which is now the subject of appeal in the case styled *J.M. b/n/f J.M. & S.M. v. Comal Independent School District*, 5:23-cv-01547-XR, which is also pending in this Court. Defendant also asserts that the foundation for damages in the contact action is the same as that allegedly suffered due to the denial of FAPE. For these reasons, Defendant's position is that consolidation is necessary and appropriate, and Defendant intends to file a motion to consolidate. To the extent limited discovery on the breach of contract case is appropriate, a discovery plan should be worked out after the cases are consolidated.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

Plaintiff believes that a discovery schedule is required and can be conducted in phases as the settlement contact breach case is not based on the same administrative record as the administrative appeal case.

Defendant's position is that most of facts raised in this case as the alleged basis for a breach of contract are facts that have already been established through the administrative due process procedures which included discovery, a hearing, and the creation of a robust administrative record, which is now the subject of appeal in the case styled *J.M. b/n/f J.M. & S.M. v. Comal Independent School District*, 5:23-cv-01547-XR, which is also pending in this Court. Defendant also asserts that the foundation for damages in the contact action is the same as that allegedly suffered due to the denial of FAPE. For these reasons, Defendant's position is that consolidation is necessary and appropriate, and Defendant intends to file a motion to consolidate. To the extent limited discovery on the breach of contract case is appropriate, a discovery plan should be worked out after the cases are consolidated.

7. **What, if any, discovery disputes exist?**

Plaintiff does not believe there is any discovery dispute exists but does believe that discovery is required in this breach of settlement dispute specifically with regard to the Plaintiff's damages. Plaintiff does not accept that the foundation for damages is the same as the denial of FAPE. Plaintiff will dispute any consolidation of the cases.

Defendant's position is that most of facts raised in this case as the alleged basis for a breach of contract are facts that have already been established through the administrative due process procedures which included discovery, a hearing, and the creation of a robust administrative record, which is now the subject of appeal in the case styled *J.M. b/n/f J.M. & S.M. v. Comal Independent School District*, 5:23-cv-01547-XR, which is also pending in this Court. Defendant also asserts that the foundation for damages in the contact action is the same as that allegedly suffered due to the denial of FAPE. For these reasons, Defendant's position is that consolidation is necessary and appropriate, and Defendant intends to file a motion to consolidate. To the extent limited discovery on the breach of contract case is appropriate, a discovery plan should be worked out after the cases are consolidated.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Not at this time.

9. **Have the parties discussed mediation?**

Yes, the parties are exploring the utility of mediation.

AGREED:

*/s/ Michael O'Dell*
Michael O'Dell
mph4224@aol.com
State Bar No. 15192700
1906 Willowlake Drive
Houston, Texas 77077
Mph4224@aol.com
**Attorney for Plaintiff**


*/s/ Andrew Tatgenhorst*
Andrew Tatgenhorst
atatgenhorst@thompsonhorton.com
State Bar No. 24094975

Amber King
aking@thompsonhorton.com
State Bar No. 24047244

**THOMPSON & HORTON LLP**
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
Telephone: 512-615-2350
Fax: 512-682-8868
**Attorneys for Defendant**