**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| J. M., B/N/F J.M AND S.M.; | § | |
| *Plaintiff* | § | |
| | § | SA-24-CV-00347-XR |
| -vs- | § | |
| | § | |
| COMAL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| *Defendant* | § | |

## <u>ORDER REMANDING CASE</u>

On this date, the Court considered the status of this case. After considering its subject

matter jurisdiction *sua sponte* and reviewing the notice of removal (ECF No. 1) and the exhibits

attached thereto (ECF Nos. 1-1, 1-2, 1-3, 1-4), the Court concludes it lacks subject matter

jurisdiction as stated in open court on August 15, 2024,[1] and as elaborated below. Accordingly,

the Court **REMANDS** this case to state court.

## BACKGROUND

Plaintiff filed this breach of contract action in the 433rd Judicial District Court of Comal

County, Texas, on February 29, 2024, asserting a breach of contract claim against Defendant

Comal Independent School District ("CISD") for allegedly breaching a settlement agreement

entered into between CISD and Plaintiff on July 18, 2022, regarding alleged violations of

Plaintiff's rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*

("IDEA")[2] during the 2021–2022 school year. *See* ECF No. 1; ECF No. 1-2 at 6–14.

---

[1] On August 15, 2024, the Court held a status conference in this case and discussed the subject matter
jurisdiction issue with the parties.
[2] The IDEA is a federal law requiring public schools to provide a Free Appropriate Education Program
("FAPE") to eligible students with disabilities. *See* 20 U.S.C. § 1400 *et seq.* The IDEA provides legal protections and
procedural rights to parents and eligible students. *Id.*

CISD removed this action to this Court on April 5, 2024, on the basis of federal question jurisdiction and supplemental jurisdiction. ECF No. 1. According to CISD, removal was proper as (1) this case allegedly involved a federal question, and (2) even if there was no federal question, the Court could exercise supplemental jurisdiction over the breach of contract claim as that claim is "so related and identical to the claims raised in Plaintiff's already-pending Federal Court Lawsuit."[3] ECF No. 1 at 4–10.

## DISCUSSION

A court may raise the issue of subject matter jurisdiction *sua sponte* if it appears that the Court lacks such jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal question jurisdiction" and the latter as "diversity jurisdiction." Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Assuming the Court has subject matter jurisdiction, the case may proceed in federal court.

To determine whether the district court has subject matter jurisdiction, courts abide by the "well-pleaded complaint rule," which states that the basis for federal jurisdiction, whether that be

---

[3] Currently pending before the undersigned is *J.M. b/n/f J.M. & S.M.. v. Comal Independent School District*, Case No. 5:23-cv-1547-XR, which involves the same parties.

federal question or diversity, must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted).

## I.     Federal Question as a Basis for Removal

"A federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Singh*, 538 F.3d at 338. The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

Here, the Court lacks federal question jurisdiction. Plaintiff's state court petition alleges only a claim centering on the alleged breach of the July 22, 2022, settlement agreement. Though Plaintiff's state court petition does reference IDEA jargon[4] and the settlement agreement undoubtedly resolved an IDEA dispute between the parties, Plaintiff's breach of contract claim does not require the application of the IDEA. *See* ECF No. 1-2 at 6–14.[5] Nor does the settlement

---

[4] For example, Plaintiff alleges that "[t]he school district terminated [Plaintiff's] education services and denied him FAPE." ECF No. 1-2 at 12.

[5] At the August 15, 2024 hearing CISD did not argue that the resolution of the breach contract claim would require the application of the IDEA; rather, the crux of CISD's argument was that the breach of contract claim rested on the same operative facts as the IDEA appeal already before the undersigned in *J.M. b/n/f J.M. & S.M.. v. Comal Independent School District*, Case No. 5:23-cv-1547-XR. However, while CISD correctly observes that the facts overlap significantly, the Court's hands are tied as explained below.

agreement fall in one of the specific subsections of the IDEA that would permit this Court to exercise jurisdiction. *See* 20 U.S.C. § 1415(e)(2)(F), (f)(1)(B). Rather, the breach of contract claim simply asks the court to call balls and strikes with reference to the July 22, 2022, settlement agreement. But in such a circumstance, federal courts lack federal question jurisdiction. *See Honeoye Cent. Sch. Dist. v. S.V.*, No. 09-CV-6407-CJS, 2011 WL 280989, at *3 (W.D.N.Y. Jan. 26, 2011) ("Although the underlying lawsuit concerned claims under the IDEA, the complaint filed by Honeoye does not rely on the IDEA, nor would an adjudication of its claim require application of the IDEA.").

## II.      Supplemental Jurisdiction as a Basis for Removal

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Notably, however, "[s]ection 1367 does not confer original jurisdiction." *Keene v. Auto Owners Ins. Co.*, 78 F. Supp. 2d 1270, 1273 (S.D. Ala. 1999). As stated above, federal courts only have original jurisdiction over two general types of cases: (1) cases that arise under federal law, and cases where there is diversity among the parties and the amount in controversy exceeds $75,000. *Home Depot*, 139 S. Ct. at 1746. And removal "is proper only where 'the district courts of the United States have original jurisdiction.'" *Keene*, 78 F. Supp. 2d at 1273 (quoting 28 U.S.C. § 1441(a)).

Here, the Court concludes it cannot exercise subject matter jurisdiction based on supplemental jurisdiction. First, removal here was improper as removal cannot rest solely on purported supplemental jurisdiction premised on *J.M. b/n/f J.M. & S.M.. v. Comal Independent School District*, Case No. 5:23-cv-1547-XR. *See Keene*, 78 F. Supp. 2d at 1273; *see also Terrell*

*v. Ace Eur. Grp. Ltd.*, No. 1:09-CV-506, 2011 WL 13195833, at *16 (E.D. Tex. June 24, 2011) ("The second case was improvidently removed because that proceeding itself lacks original jurisdiction and supplemental jurisdiction is not an independent basis for removal."). Second, though CISD urges this Court to consolidate the two actions pending before it, the Court cannot cure the removal defect through consolidation. *See NewCourtland v. Keystone Fire Prot. Co.*, No. CV 21-196, 2021 WL 308227, at *2 (E.D. Pa. Jan. 29, 2021) ("A District Court is not endowed with jurisdiction to hear a case on removal merely because a related case is pending in the federal court. The supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action. An already-existing federal action cannot provide the mechanism for removal of a non-removable state court action." (cleaned up)); *Mendez v. Roman*, No. 3:05-CV-1257 (RNC), 2006 WL 276976, at *2 (D. Conn. Feb. 2, 2006) ("[Supplemental jurisdiction] does not authorize a court to use one case as a platform for 'pulling-up' claims and parties in another, separate case. Rather, as the concluding sentence of the statute indicates, supplemental jurisdiction may be exercised only over claims and parties that have been joined in a single civil action.").

### CONCLUSION

Because the Court concludes that there is no federal question jurisdiction here and supplemental jurisdiction cannot serve as an independent basis for removal, the Court lacks subject matter jurisdiction over this case and removal was improper. Accordingly, the Clerk is directed to **REMAND** this case to the 433rd District Court of Comal County, Texas pursuant to 28 U.S.C. § 1447(d) and to close this case.

It is so **ORDERED**.

**SIGNED** this 15th day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE